(146 P.3d 234)
No. 95,569

TWIN VALLEY DEVELOPMENTAL SERVICES, INC., and THE BOARD OF TWIN VALLEY DEVELOPMENTAL SERVICES, INC., *Appellants,* v. KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES and GAYLE HAWKINS, *Appellees.*

Opinion filed November 17, 2006.

*John McNish,* of Bolton & McNish, LLC, of Marysville, for appellants.

*Bruce A. Roby* and *John H. House,* of Office of the General Counsel, Department of Social and Rehabilitation Services, for appellee Kansas Department of Social and Rehabilitation Services.

*Dan Biles,* of Gates, Biles, Shields & Ryan, P.A., of Overland Park, for appellee Gayle Hawkins.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MARQUARDT, J.: Twin Valley Developmental Services, Inc., and The Board of Twin Valley Developmental Services, Inc. (collectively "Twin Valley") appeal the district court's decision that an investigation of Gayle Hawkins, its former employee, did not violate rules for case managers. We affirm.

Twin Valley is a community developmental disability organization (CDDO), which employed Hawkins as a targeted case manager. In October 2004, Hawkins received notice from Twin Valley informing her that she was suspended from her employment, and alleging that she falsified records and used company equipment improperly. Hawkins resigned from her position at Twin Valley on October 29, 2004.

Twin Valley filed a complaint with Kansas Department of Social and Rehabilitation Services (SRS), alleging Hawkins had breached the rules of conduct of case management.

In January 2005, SRS sent a letter to Hawkins informing her of the complaint and asking her to respond to the allegations by February 4, 2005. Hawkins submitted a timely response to SRS's request, denying any violation of SRS's rules for case managers. She attached testimonials from people familiar with her work. In addition, Hawkins claimed that Twin Valley's complaint was "part of its larger campaign" to prevent affiliation with a competing service provider. Hawkins found it suspicious that, after 18 years of positive reviews and pay raises, Twin Valley would become concerned with her work product while another provider was attempting to enter the market. Hawkins also noted that Twin Valley attempted to exercise its debarment rights and prevent Hawkins from working anywhere in the service area in the future.

SRS issued a letter to Hawkins on March 14, 2005, in which it found that Hawkins did not violate SRS's conduct rules for case managers. At about the same time SRS issued its opinion, Hawkins began working with Progressive Enterprises, Inc. (Progressive), a CDDO which was interested in affiliating with Twin Valley. Twin

Valley was concerned about Hawkins' affiliation with Progressive because if their contract negotiations were successful, Hawkins could serve Twin Valley's clients and engage in misconduct again.

Twin Valley appealed SRS's decision to the Office of Administrative Hearings (OAH). OAH noted that SRS took no adverse action against either Hawkins or Twin Valley, which left them without standing to challenge SRS's decision. OAH dismissed the appeal. Twin Valley filed a request for reconsideration of OAH's decision. OAH treated the request as a petition for review to the State Appeals Committee (SAC).

SAC considered the matter and determined that Hawkins was the only party who had standing to challenge SRS's decision, as SRS did not determine any legal rights impacting Twin Valley.

Twin Valley filed a petition for district court review of SAC's order, asking for reversal and remand so that SRS could "enter a finding that Gayle Hawkins violated the Rules of Conduct for Case Managers." The district court determined there was no statutory authority for SAC to conduct a hearing into Hawkins' conduct and concluded that Twin Valley lacked standing to compel SAC to conduct a hearing. The case was dismissed. Twin Valley appeals the district court's dismissal.

Generally, review of a state administrative agency action is defined by the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq. National Council on Compensation Ins. v. Todd,* 258 Kan. 535, 538, 905 P.2d 114 (1995). Under the KJRA, the scope of review is somewhat broader than the traditional scope of review. *Woman's Club of Topeka v. Shawnee County,* 253 Kan. 175, 180, 853 P.2d 1157 (1993). On appeal, a district court may not substitute its judgment for that of an administrative agency. The district court only considers whether (1) the administrative agency acted fraudulently, arbitrarily, or capriciously; (2) the agency's administrative order is supported by substantial evidence; and (3) the agency's action was within the scope of its authority. *Lacy v. Kansas Dental Board,* 274 Kan. 1031, 1040, 58 P.3d 668 (2002). In reviewing a district court's decision, the appellate court must first determine whether the district court followed the requirements and restrictions placed upon it, and then

make the same review of the administrative agency's action as did the district court. *Jones v. Kansas State University*, 279 Kan. 128, 139, 106 P.3d 10 (2005).

Twin Valley maintains that the district court found Hawkins was never involved in the administrative action before SRS. This is incorrect. The district court determined that Hawkins was not involved in any administrative *appeal.* That assertion is supported by the record on appeal. Hawkins never filed any pleadings or otherwise participated in Twin Valley's appeal of SRS's decision.

Twin Valley claims that it had a "strong interest" in the outcome of its complaint against Hawkins, especially given Hawkins' new affiliation with Progressive. The question is then whether Twin Valley was a party to the proceeding before SRS.

K.S.A. 77-502(e) defines "party" in the context of the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*, as: (1) a person to whom an order is specifically directed; or (2) a person named as a party to a state agency proceeding, or allowed to intervene as a party in the proceeding. The March 14, 2005, letter from SRS was addressed only to Hawkins, and the record on appeal contains no indication that Twin Valley was ever allowed to intervene in the proceedings. In addition, K.S.A. 77-508 clearly indicates that a hearing is not required for a decision whether to initiate an investigation or other proceeding before the state agency. Thus, even if SRS had chosen to investigate Twin Valley's claims further, it was not required to hold a hearing.

Further, there is no provision in the KAPA to allow a nonparty such as Twin Valley to initiate an appeal. K.S.A. 2005 Supp. 77-527(a) contemplates that only a party may petition for review. Similarly, only a party may file a petition for reconsideration. See K.S.A. 2005 Supp. 77-529(a)(1).

On appeal, Twin Valley contends that SRS violated K.S.A. 77-525 by not providing it a copy of Hawkins' response to its complaint, and by such inaction, SRS attempted to hide its ex parte communication with Hawkins.

K.S.A. 77-525(a) reads, in relevant part:

"A presiding officer serving in an adjudicative proceeding may not communicate, directly or indirectly, regarding any issue in the proceeding while the pro-

ceeding is pending, with any party or participant, with any person who has a direct or indirect interest in the outcome of the proceeding or with any person who presided at a previous stage of the proceeding, without notice and opportunity for all parties to participate in the communication."

The letters exchanged between SRS and Hawkins do not meet the definition of "ex parte communication" as used in the KAPA. When a statute is plain and unambiguous, this court must give effect to the legislature's intent as expressed, rather than determining what the law should or should not be. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). K.S.A. 77-525 applies only to those persons serving as a presiding officer in an adjudicative proceeding. SRS's letter to Hawkins informing her of its decision was authored by Frank A. Stahl, who is not a hearing officer. K.S.A. 77-525 provides that ex parte communications are barred only between parties or participants in the proceedings. Twin Valley was neither a party nor a participant; it was merely a complaining entity.

Finally, we note that a large portion of Twin Valley's complaint in this matter is premised on the assumption that SRS's decision regarding Hawkins was influenced by this letter. There is no proof of this in the record on appeal. An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172, 61 P.3d 687 (2003). Twin Valley's assertion that this was some sort of orchestrated cover-up is also unsupported by the record on appeal. Twin Valley's complaints regarding ex parte communications have no merit.

Both the district court and this court are limited to determining whether SRS acted in accordance with all relevant statutes. We cannot substitute our judgment for that of an administrative agency. See *Lacy*, 274 Kan. at 1040. We find that SRS acted in accordance with all relevant statutes.

Affirmed.